# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00154-CR

**Frank Henderson Brown, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. D-1-DC-14-200998, HONORABLE CLIFFORD A. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After an undercover police officer, Officer Michael Fickel, saw the driver of a car engage in some suspicious activity in the parking lot of a hotel and after seeing Frank Henderson Brown get into the passenger side of that car, Officer Fickel followed the car after it left the parking lot and later witnessed the driver of the car commit several traffic violations. Officer Fickel relayed his observations to members of his unit, and some of the officers initiated a traffic stop of the vehicle. During the traffic stop, the officers discovered that Brown had a gun in his waistband. Ultimately, Brown was arrested and charged with the unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 46.04(a) (setting out elements of offense), (e) (stating that offense is third-degree felony). In addition, the indictment contained two enhancement paragraphs alleging that Brown had previously been convicted twice of burglary of a habitation. *See id.* § 30.02(a) (listing elements of offense of burglary of habitation), (c)(2) (providing that offense is second-degree

felony). At the end of the first phase of the trial, the jury found Brown guilty of the charged offense. Brown elected to have the district court assess his punishment, and the district court found the two enhancement allegations to be true. At the end of the punishment phase, the district court imposed a sentence of 25 years' imprisonment. *See id.* § 12.34 (listing permissible punishment range for third-degree felony), .42(d) (enhancing permissible punishment range for individual convicted of felony if he "has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final"). In three issues on appeal, Brown contends that the district court erred by allowing the State to present hearsay evidence, that his attorney provided ineffective assistance of counsel, and that the State "committed misconduct during closing argument." We will affirm the district court's judgment of conviction.

## DISCUSSION

### Hearsay

In his first issue on appeal, Brown contends that the district court erred when it allowed Officer Fickel "to present hearsay evidence that [Brown] was found in a location known for higher criminal activity."

When reviewing a trial court's ruling on the admission of evidence, appellate courts use an abuse-of-discretion standard of review. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement, *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is arbitrary or unreasonable, *State v. Mechler*,

2

153 S.W.3d 435, 439 (Tex. Crim. App. 2005). Moreover, the ruling will be upheld provided that the trial court's decision "is reasonably supported by the record and is correct under any theory of law applicable to the case." *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

Turning to the testimony at issue, Officer Fickel described the circumstances leading up to Brown's arrest. Specifically, he explained that his unit was patrolling "the I-35 corridor, the hotel district in particular to the north and south." When the State asked whether there was "anything that had prompted that specific focus that day," Brown objected and stated as follows:

> Judge, I believe that that question is going to encourage the statement that there had been some complaints or he had received some complaints or he was acting on some reports all of which is hearsay in which I believe Mr. Popper, the previous attorney, had requested documentation of any corroboration of any of these complaints and there is none that the State could provide, so this is simply eliciting hearsay testimony which is improper.
>
> . . .
>
> And I'm assuming that the officer is going to respond that we had received complaints from Holiday Inn and about the Travel Lodge and that has not been documented by any proof or anything; and Mr. Popper had asked for records or any kind of documentation to verify that and there has been none.

After listening to Brown's objection, the district court ruled that it would allow Officer Fickel to answer the question. When the questioning resumed, the State asked Officer Fickel if there was "any particular reason that you focused your attention on that area that particular day," and the officer responded, "Yes, ma'am. I had received a tip." Immediately after Officer Fickel answered the question, Brown stated, "Objection, Your Honor, hearsay. That's exactly the objection I made at the bench." In response to the objection, the district court instructed the witness, "Okay. You may answer the question, but I would instruct the witness to answer the question generally, not

3

something that someone else told you, specifically, words." The Officer then explained that he had received some information that had focused his attention to that area.

After providing that answer, Officer Fickel continued to answer questions on a range of topics, including describing where he was on the day in question, what the buildings looked like in the area, and whether he noticed any unusual activity. Following those questions, the State asked Officer Fickel, "In terms of that specific I-35 business corridor that goes through your region, what's been your experience kind of, generally, with the level of crime that's going on in that," and Brown objected "to the relevance of that question because it has nothing to do with the facts of this case." After Brown made his objection, the district court ruled that it would allow Officer Fickel to answer the question. Once the district court made its ruling, Officer Fickel testified as follows:

> The particular hotels, the reason we were run[ning] this operation, besides our tips, is because those hotels are a common place for people to commit activities that they don't want to do at their house. So if you are checking in to a hotel on the I-35 district and you have a car there that returns to an address in Austin and you stayed at the hotel for one day increments over the past couple of months, that usually sends up a flag to us.

Immediately after Officer Fickel answered the question, Brown asked "to take the witness on voir dire in regards to those last statements, because otherwise the statements are irrelevant," but the district court denied the request and overruled the objection. On appeal, Brown contends that the portions of Officer Fickel's testimony in which he stated that he was patrolling in the area at issue because he had received a tip and that it was common for people to use the hotels in that area for activities that they do not want to undertake at their homes were hearsay under Rule of Evidence 801(d). *See* Tex. R. Evid. 801(d).

4

*Testimony Regarding Tip Received by the Police*

As discussed previously, Brown asserts that the portion of Officer Fickel's testimony in which he related that the police had received a tip regarding misconduct in the area was improper hearsay. As a preliminary matter, we note that after the district court made its ruling, Officer Fickel mentioned in his testimony several more times that the police had received a tip, and Brown did not request a running objection and made no objection to that subsequent testimony. *See Trung The Luu v. State*, 440 S.W.3d 123, 127 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (providing that party must object every time inadmissible evidence is offered or request running objection and that any error in admission of evidence is cured when evidence comes in without objection). Even assuming that Brown's failure to object to the later portions of Officer Fickel's testimony did not waive any alleged error, we would still be unable to conclude that the district court abused its discretion by overruling Brown's hearsay objection.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in that statement." Tex. R. Evid. 801(d). Moreover, "extra-judicial statements [are] not inadmissible hearsay" if "they are admitted not to prove the truth of the matter asserted, but rather to explain how the defendant came to be a suspect." *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). Stated differently, "[a]n officer's testimony is not hearsay when it is admitted, not for the truth, but to establish the course of events and circumstances leading to the arrest." *Thornton v. State*, 994 S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. ref'd). In fact, "it is permissible for a police officer to testify that he was acting in response to information received" and "may explain their presence and conduct." *Id.*; *see also Poindexter v. State*, 153 S.W.3d 402, 408 n.21 (Tex. Crim.

5

App. 2005) (stating that, in general, "testimony by an officer that he went to a certain place or performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior"), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015).

In the portion of Officer Fickel's testimony at issue leading up to Brown's objection, Officer Fickel explained that his unit was focused in a particular region of the City of Austin and that the unit was paying particular attention to the hotel district in that region in response to a tip that they had received, but Officer Fickel provided no further information regarding the alleged tip. In light of the record before the district court at the time that it made the ruling, *see Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002) (explaining that "an appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made"), we must conclude that the district court did not abuse its discretion by determining that the testimony at issue was not inadmissible hearsay because it helped to explain Officer Fickel's presence in the area and to describe the events leading up to Brown's arrest, because it did not reveal any content of the alleged tip given to the police regarding criminal activity in the area and was not offered to prove the truth of that tip, and because the testimony was "a general description of possible criminality" and not "a specific description of the defendant's purported involvement or link to that activity," *see Poindexter*, 153 S.W.3d at 408 n.21.

*Testimony Regarding Crime in Area*

As set out above, Brown also contends on appeal that the district court erred by overruling his hearsay objection to the testimony from Officer Fickel in which the Officer related

6

that "those hotels are a common place for people to commit activities that they don't want to do at their house." However, as pointed out by the State, Brown did not raise a hearsay objection to this portion of Officer Fickel's testimony. *See* Tex. R. App. P. 33.1(a) (stating that to preserve error for appeal, record must show that complaint was made to trial court and that trial court ruled on request or refused to rule and that "complaining party objected to the refusal"). Although the record shows that Brown made a hearsay objection to earlier portions of Officer Fickel's testimony, Brown did not, as set out above, request a running objection to Officer Fickel's testimony on hearsay grounds, nor did he raise a hearsay objection to the testimony at issue. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (explaining that "'to preserve error in admitting evidence, a party must . . . object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection'" (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003), with alteration in *Lane*)); *Ethington v. State*, 819 S.W.2d 854, 859-60 (Tex. Crim. App. 1991) (providing that objection to testimony was waived when defense counsel objected to first question but did not ask for running objection or "hearing out of the jury's presence so he would not have to constantly object" and witness continued to provide "detailed testimony" on topic). Instead, Brown argued to the district court that the testimony at issue was not relevant to the facts of the current case. *See Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (stating that "the point of error on appeal must comport with the objection made at trial"); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (noting that objection stating one legal theory may not be used to support different legal theory on appeal); *cf. Webb v. State*, No. 01-14-00174-CR, 2015 WL 5315332, at *3 (Tex. App.—Houston [1st Dist.] Sept. 10, 2015, pet. ref'd) (mem. op., not designated for publication)

(declining to address merits of argument that "may (or may not) be a relevance issue" because defendant only objected on hearsay grounds). Accordingly, we must conclude that Brown did not preserve any hearsay complaint regarding this portion of Officer Fickel's testimony.

Assuming for the sake of argument that Brown's first appellate issue can be read as asserting that the district court erred by overruling his relevancy objection, we would be unable to sustain this portion of his first issue on appeal. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Tex. R. Evid. 401; *see id.* R. 402 (providing that "[r]elevant evidence is admissible unless" prohibited by Rules of Evidence, "other rules prescribed under statutory authority," statute, or "the United States or Texas Constitution"). Testimony regarding how an officer "happened upon the scene of a crime or accident" is "[a]lmost always . . . relevant." *Kimball v. State*, 24 S.W.3d 555, 564 (Tex. App.—Waco 2000, no pet.). In his testimony, Officer Fickel explained that the reason that he was at the hotel where he observed the suspicious activity that ultimately led to Brown's arrest was because the hotels in that area of the City were being used as a place to engage in criminal conduct and because his unit was focusing on the hotels in that area in an effort to combat that criminal activity. Accordingly, we would be unable to conclude that the district court abused its discretion when it overruled Brown's relevancy objection.[1]

---

[1] Although we need not further address the matter, we note that even if Brown had raised a hearsay objection to the testimony at issue and even if the district court had overruled the objection, we would be unable to conclude that the district court abused its discretion because, as set out above, the testimony was not offered for the truth of the matter asserted but instead to show how Brown became a suspect. *See Thornton v. State*, 994 S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. ref'd).

For all these reasons, we overrule Brown's first issue on appeal.

**Effectiveness of Counsel**

In his second issue on appeal, Brown insists that his trial attorney provided ineffective assistance of counsel by referring to him "as a 'bad guy' during closing argument" in the first phase of the trial. Specifically, Brown is referring to the following portion of his trial attorney's closing argument in which his attorney stated that he was "not a good guy":

> What the State is doing is, the State is waiving a scary gun at you and saying this man is a bad man, so don't worry about anything else. That's what the State is doing. Yeah, we saw on the video, he had that gun. *He's not a good guy. I'm going to say it. I'm not hiding anything*, but I'm also not hiding page 3, paragraph five; and that says that you are instructed that before an officer has the right to make a temporary investigative detention, traffic stop, the officer must have a reasonable suspicion that a violation of the law is occurring or has occurred. So that's where everything begins and ends. Because if you're convinced beyond a reasonable doubt that there was a traffic violation at any point, then you convict him. I'm sorry, if you have a reasonable doubt, you don't convict him. If you don't have any reasonable doubt, then you convict him. So that's what you focus on, and that's not an easy thing to do.

(Emphasis added.) In light of this portion of his trial attorney's closing argument, Brown asserts that his lawyer's decision to describe him in that manner could not have been the result of a reasonable trial strategy because "[t]here was no evidentiary benefit to be gained from the statement." Similarly, Brown contends that his trial attorney's actions likely affected the jurors in this case by encouraging them to convict and, therefore, prejudiced his defense.

To succeed on an ineffectiveness claim, a defendant must overcome the strong presumption that his trial "counsel's conduct falls within the wide range of reasonable professional assistance" and must show that the attorney's "representation fell below an objective standard of

9

reasonableness . . . under prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 689, 694 (1984). "[A]n appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Evaluations of effectiveness are based on "the totality of the representation," *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013); *see also Davis v. State*, 413 S.W.3d 816, 837 (Tex. App.—Austin 2013, pet. ref'd) (providing that assessment should consider "cumulative effect" of counsel's deficiencies), and allegations of ineffectiveness must be firmly established by the record, *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Furthermore, even though a defendant is not entitled to representation that is error-free, a single error can render the representation ineffective if it "was egregious and had a seriously deleterious impact on the balance of the representation." *Frangias*, 450 S.W.3d at 136.

In general, direct appeals do not provide a useful vehicle for presenting ineffectiveness claims because the record for that type of claim is usually undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see also Mallett*, 65 S.W.3d at 63 (stating that in majority of cases, "the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions"). In addition, before their representation is deemed ineffective, trial attorneys should be afforded the opportunity to explain their actions. *Goodspeed*, 187 S.W.3d at 392 (stating that "counsel's conduct is reviewed with great deference, without the distorting effects of hindsight"). If that opportunity has not been provided, as in this case, an appellate court should not determine that an attorney's performance was ineffective unless the conduct at issue "was so outrageous that no competent attorney would have engaged in it." *See Garcia*, 57 S.W.3d at 440.

10

As a preliminary matter, we note that the record does not contain any information regarding why Brown's attorney elected to characterize his client in the manner that he did. *Cf. Mallett*, 65 S.W.3d at 64-65 (stating that "speculation on counsel's strategy is immaterial to our determination that counsel has not been proven ineffective" when record is silent). However, we also note that his attorney explained to the district court in a hearing outside the presence of the jury that the overall trial strategy was to challenge the propriety of the traffic stop rather than attack the evidence of the charged offense, and his attorney's questioning of the State's witnesses and argument were consistent with that strategy. Moreover, given that the State was able to present evidence of the charged offense through the testimony of several police officers who testified that Brown had a weapon on him and attempted to flee from the officer who searched him but also through a video recording of the incident, Brown's trial attorney's strategy to attack the lawfulness of the traffic stop seems reasonable. In addition, Brown's trial attorney made the comments at issue after the jury had already been presented with evidence establishing that Brown had previously been convicted of a state-jail felony "for attempted evading arrest serious bodily injury." Accordingly, Brown's trial attorney may have determined that acknowledging Brown's criminal past in the manner that he did might establish credibility with the jury when asking the jury to ignore Brown's prior criminal behavior and focus on whether there was a proper basis for the traffic stop in accordance with the overarching trial strategy. *Cf. West v. State*, 474 S.W.3d 785, 791 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (determining that trial counsel's references to his client "as a 'bad guy' and a 'criminal generally' who 'traded drugs for the use of this car'" "may have been part of defense counsel's strategy to provide an alternative explanation of how appellant gained possession of the stolen vehicle" and did "not necessarily rise to the level of ineffective assistance of counsel").

11

For all of these reasons, we must conclude that the record is not sufficiently developed to evaluate whether Brown's attorney's decision to characterize Brown in the manner that he did was part of reasonable trial strategy because his attorney has not "been given an opportunity to respond to" the claims, *see Goodspeed*, 187 S.W.3d at 392, 394, that Brown has failed to overcome the presumption of reasonably professional assistance, and that Brown has not demonstrated that his trial attorney's alleged mistake was so outrageous that no competent attorney would have made that mistake.

Having determined that Brown has not shown that his trial attorney provided ineffective assistance of counsel on the grounds alleged above, we need not further address the matter, but we do emphasize that ineffectiveness challenges are considered in light of "the totality of the representation" provided by the attorney. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *see also Simmons v. State*, Nos. 03-11-00229-CR, -00230, 2012 WL 3629864, at *4 (Tex. App.—Austin Aug. 22, 2012, pet. ref'd) (mem. op., not designated for publication) (determining that "[t]he critical weakness" in ineffectiveness claim was "its failure to consider the totality of trial counsel's representation"). Moreover, we note that during voir dire Brown's attorney discussed the presumption of innocence and the State's burden, went over the defendant's right to remain silent, asked the panel members whether they would hold it against Brown if he did not testify, inquired into any potential biases that the panel members might have, moved successfully to exclude several panelists for cause, and exercised peremptory challenges. During the trial, Brown's attorney cross-examined the State's witnesses, objected successfully to the admission of a video recording during the testimony of Officer Fickel, and made other objections to the State's witnesses'

12

testimonies. In the jury-charge conference, Brown's attorney successfully moved to include an instruction under article 38.23 of the Code of Criminal Procedure explaining that the jury could not consider evidence if it determined that the evidence was obtained unlawfully. *See* Tex. Code Crim. Proc. art. 38.23(b). In his closing arguments during the guilt-or-innocence phase, Brown's attorney emphasized the State's burden and asserted that there was insufficient evidence establishing that the traffic stop was proper. During the punishment phase, Brown's attorney called Brown's mother to the stand, and she testified regarding Brown's tumultuous upbringing and asked the district court to help Brown rather than lock him away. Finally, in his closing argument during the punishment phase, Brown's attorney asked for the minimum sentence possible.

For all of these reasons, we overrule Brown's second issue on appeal.

**Exceeding Scope of Permissible Jury Argument**

In his final issue on appeal, Brown urges that the State improperly exceeded the scope of permissible closing argument in the guilt-or-innocence phase "by arguing with facts not in evidence." In particular, Brown refers to the following exchange during the State's closing:

> Ladies and gentlemen, I'm going to stand right here and I'm going to pull up the camera function on my iPhone and I'm going to take a picture of the Judge right here. In that photograph, you see the Judge, but you do not see the lovely Kim Lee who is sitting to his right. Although I hope that you all will agree with me, that as we are sitting here today all facing the same general direction, that we all can see the Judge and Ms. Kim Lee. I would submit to you that that is the source of a lot of the issues that [Brown] wants you to focus on in this case here today.

Following that exchange, the State criticized Brown's arguments suggesting that the jury should not consider the recording admitted into evidence and played for the jury in which

13

Officer Fickel can be heard describing his observations of the car that Brown was riding in because the actual alleged traffic violation purportedly described by Officer Fickel was not captured on the video portion of the recording. Further, the State emphasized that the officers who testified as witnesses related that they saw the traffic violation and that they were able to see the violation occur because they had a different vantage point.

In this issue, Brown asserts that the State "created demonstrative evidence, using her cell phone to demonstrate her opinion that the police camera was similarly situated, and therefore unable to capture the unfolding events." In addition, Brown notes that "[t]here was no testimony presented at trial involving cell phones, or any similarity between taking cell phone photographs or film." Further, Brown argues that "[b]y creating the demonstrative evidence, the [State] has unfairly used unsworn testimony to argue" its position and exceeded the permissible scope of jury argument. *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (setting out four types of permissible jury argument); *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985) (explaining that "the prosecutor may argue his opinions concerning issues in the case so long as the opinions are based on the evidence in the record and not as constituting unsworn testimony").

Although Brown urges on appeal that the State exceeded the scope of permissible jury argument, Brown did not raise an objection during the trial. To preserve for appellate review an issue regarding allegedly improper jury argument, a defendant must object to the jury argument and pursue the objection to an adverse ruling. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010); *see also* Tex. R. App. P. 33.1(a) (discussing preservation for appellate review). In other words, a defendant must make a contemporaneous objection to the argument, ask the trial

14

court to instruct the jury to disregard the argument if the objection is sustained, and request a mistrial if the court instructs the jury to disregard the statement. *See Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). If a defendant fails to make an objection to the argument or fails to pursue an adverse ruling to his objection, the defendant forfeits his ability to challenge the jury argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Even in circumstances in which the error was so egregious that it could not be cured by an instruction to disregard, a defendant must still object and request a mistrial. *Mathis v. State*, 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002).

Because Brown failed to object to the allegedly improper jury argument and to pursue the objection to an adverse ruling, he has failed to preserve any error relating to the jury argument. Accordingly, we overrule Brown's third issue on appeal.

## CONCLUSION

Having overruled all of Brown's issues on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: June 3, 2016

Do Not Publish

15