**Affirmed as Modified and Memorandum Opinion filed July 20, 2017.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-15-00771-CR

### SCOTT NOAH SANTSCHI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1474591**

## M E M O R A N D U M   O P I N I O N

Appellant Scott Noah Santschi appeals from a conviction for felony assault of a family member with punishment enhanced by two prior felony convictions. *See* Tex. Penal Code Ann. §§ 12.42(d), 22.01(b)(2)(A) (West 2011). Appellant challenges his conviction in eight issues. In his first two issues, appellant argues that the trial court's admission of the State's pretrial motion to revoke appellant's jail communication privileges and the order granting the motion violated his

fundamental right to a fair trial because the decision (1) established the trial judge's partiality, and (2) constituted an improper judicial comment on the weight of the evidence tainting his presumption of innocence. We overrule both issues because appellant has not shown that the trial court's ruling violated his fundamental right to an impartial judge or tainted his presumption of innocence. In his third issue, appellant argues the trial court's admission of the motion and order violated his Sixth Amendment confrontation rights. We overrule this issue because the motion and order were non-testimonial hearsay covered by a firmly rooted hearsay exception.

Appellant asserts in his fourth issue that the trial court erred when it refused to allow him to stipulate to the prior convictions. We overrule this issue because appellant failed to preserve it for appellate review. In his fifth and sixth issues, appellant contends the trial court twice abused its discretion when it admitted hearsay evidence. We overrule both issues because the challenged evidence is covered by exceptions to the hearsay rule. Appellant next argues that his trial counsel was ineffective due to an alleged failure to object to extraneous offense evidence. Because appellant has not shown that his counsel's performance was deficient, we overrule this issue. In his eighth issue, appellant asks this court to modify his judgment of conviction by deleting the deadly weapon finding. Because a corrected judgment removing the deadly weapon finding is included in a supplemental clerk's record, we conclude this issue is moot.[1]

In a cross-issue, the State asks this Court to modify appellant's judgment of conviction to reflect the fact that appellant pled true to both punishment

---

[1] Appellant, who is represented by appointed counsel on appeal, filed two pro se briefs in this Court. Because appellant does not have a right to hybrid representation, we do not address the arguments raised in those briefs. *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004).

enhancement paragraphs in the indictment and that the trial court found the enhanced paragraphs true. We sustain this issue, modify the judgment as requested, and affirm the judgment as modified.

## BACKGROUND

Cynthia Todd, the complainant, is the wife or former wife of appellant. Todd lived in her mother's house with her two children by appellant. According to Todd, her mother had forbidden appellant from being at the house. Late one evening, Todd discovered appellant reaching his arm over a gate in an attempt to gain entry into the house's backyard. Appellant was yelling while attempting to open the gate. In an effort to keep appellant out of the backyard, Todd got a garden hoe from her garage and hit appellant's arm. After appellant complained that Todd had broken his arm, she opened the gate to help him. Appellant then came into the backyard. Seeing appellant was not injured, Todd and appellant began arguing. Todd then went into the house, leaving appellant on the back patio. Appellant then told Todd that he was having chest pains. Once again believing appellant, Todd opened the house door. Appellant grabbed Todd by the neck and pushed her into a china cabinet inside the house. Appellant then went down a hallway and into one of the home's bedrooms where he remained until the next day. Todd stayed in the house because she was concerned appellant would wreck the house if she left.

The next morning, Todd asked appellant to leave the house. Todd was concerned because her mother was due to arrive at the house in the early afternoon. Appellant refused to leave and proceeded to move his work tools from the house's garage out onto the driveway. Noticing that appellant had left the garage, Todd tried to shut the garage door. Appellant saw what Todd was trying to do and turned to re-enter the garage, causing the door to hit him in the back. Todd later

3

saw appellant trying to get into her van. Thinking he was trying to break the back window of the van, Todd jumped on appellant's back. Appellant threw Todd off of his back, hurting her elbow.

Ronald Tarvin was driving down the street where Todd lived when he saw a man and woman screaming at each other. As he drove by, he saw the man hit the woman and then push her headfirst into the side of a minivan parked in the driveway. Tarvin called the police. Tarvin testified during appellant's trial but was unable to identify the man he saw hitting the woman.

Deputy Constable James Cessna was dispatched to investigate a report that an assault was in progress. Todd was the only person Cessna saw when he arrived at the scene about two minutes later. According to Cessna, Todd was crying, breathing heavily, and appeared very scared. Cessna observed small lacerations on Todd's right forearm. Todd told Cessna that appellant had thrown her into a vehicle. Todd also reported that she felt pain as a result of being thrown into the vehicle. Todd told Cessna that there had been a shoving match as well. Cessna called an ambulance for Todd, but she refused treatment once it arrived.

After talking to Todd, Deputy Cessna found appellant in a neighbor's backyard. Cessna detained appellant, handcuffed him, and then escorted him to the backseat of his patrol car. Appellant shouted at Todd while he was being escorted to the car. After Cessna completed his investigation, he told appellant he was under arrest. Appellant then told Cessna that his chest hurt and he needed an ambulance. Cessna called an ambulance for appellant and the EMT's checked appellant. After consulting with the EMT's, Cessna transported appellant to jail.

At the completion of a one-day trial, the jury found appellant guilty. Appellant elected to have the trial court determine his punishment and at the end of

4

the punishment phase of the trial, the trial court sentenced him to 25 years in prison. This appeal followed.

ANALYSIS

**I.    Appellant has not established that the trial court's admission of the State's motion to revoke appellant's communication privileges and the order granting the motion demonstrated a lack of impartiality.**

During trial, appellant cross-examined Todd regarding communications between herself and appellant. Appellant initiated most, but not all, of the communications. Appellant's communications included telephone calls from jail, letters, and the mailing of numerous blank non-prosecution affidavits to Todd. Todd testified that she eventually filled out one of the affidavits. She went on to testify that she did not have the affidavit notarized before sending it back to appellant. Todd further testified that after she sent appellant the unsworn affidavit, appellant stopped sending her blank affidavits. Appellant continued sending her other mail, however.

During a break in Todd's testimony, the State notified the trial court that it intended to introduce into evidence a certified copy of the motion seeking to suspend appellant's jail communication privileges and the trial court's order granting the motion. After Todd completed her testimony, the State offered the motion and order. Appellant objected that "[t]hese things cut both ways." The trial court responded that appellant could argue that point, observed that the exhibit was a certified document, and then noted appellant's objection. Appellant then objected that there was "nobody to cross-examine on the document." The trial court replied "[b]ut you can argue it."

The motion provides:

> Comes now the State of Texas by and through its Assistant

5

District Attorney and files this Motion to Order the Sheriff of Harris County to segregate and revoke the Defendant's ability to communicate, either by phone, e-mail, or letter, outside the Harris County Jail. The State makes this Motion for the witnesses' safety and to prevent any intimidation of said witnesses. The State moves that the following Defendant be prevented from making phone calls, sending e-mails, or writing letters:

(I)    SCOTT SANTSCHI, SPN #01960256

The State moves that the above Defendant's phone call and writing privileges be suspended during the pendency of this case due to the Defendant's continued violation of the "no contact" order that has been granted in relation to this prosecution.

The order granting the motion provides:

Having considered the State's Motion to order the Sheriff of Harris County Texas to suspend the following Defendant's telephone and writing privileges against the following Defendant:

(I) SCOTT SANTSCHI, SPN #01960256

The Court finds that, due to the Defendant's violation of the no contact order, that the State's Motion be GRANTED.

The Court hereby ORDERS that the Sheriff of Harris County and all its agents to suspend the Defendant's phone, e-mail and writing privileges during the pendency of this case.

In his first two issues, appellant argues that the trial court's judicial act of admitting the State's motion and the resulting order into evidence demonstrated judicial partiality and amounted to an improper comment on the weight of the evidence. Appellant, who did not object to the trial court's admission of the motion and order on either ground, goes on to argue that the trial court's action constitutes fundamental, structural error requiring no contemporaneous objection and no harm analysis. We address each contention in turn.

As a general rule, in order to preserve a complaint for appellate review, the

6

claimed error must have been presented in the trial court, thereby providing the court an opportunity to correct any error during the trial. *See* Tex. R. App. P. 33.1(a); *Luu v. State*, 440 S.W.3d 123, 128 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Absent an objection, a defendant waives error unless the alleged error is fundamental—that is, it creates egregious harm. *Luu*, 440 S.W.3d at 128 (*citing Powell v. State*, 252 S.W.3d 742, 744 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Egregious harm is such harm that a defendant has not had a fair and impartial trial. *Powell*, 252 S.W.2d at 744.

We need not decide whether appellant was required to object to the trial court's action. Even had appellant objected, the trial court would not have abused its discretion in overruling the objection because the record contains no clear showing of bias or partiality by the trial court. *Luu*, 440 S.W.3d at 128 (*citing Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006)).

A defendant has a fundamental constitutional right to an impartial judge. *Id.* A judge should not act as an advocate or an adversary for any party. *Id.* To reverse a judgment on the ground of improper judicial conduct, we must find (1) judicial impropriety was actually committed, and (2) probable prejudice to the complaining party. *Id.* Absent a clear showing of bias, a trial court's actions will be presumed correct. *Brumit*, 206 S.W.3d at 645. The scope of our review is the entire record. *Luu*, 440 S.W.3d at 129.

Appellant bases his argument that the trial court was biased against him entirely on one evidentiary ruling: the admission of the State's motion to revoke his communication privileges and the resulting order. In appellant's view, the trial court, when it admitted the motion and order, signaled the jury that she had already passed judgment on appellant. Judicial rulings almost never constitute a valid basis for a bias or partiality challenge, however. *Liteky v. United States*, 510 U.S.

7

540, 555 (1994). These rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to make a fair trial impossible. *Id.* Appellant has cited no case law for the proposition that a trial judge's act of admitting relevant evidence sufficed to show bias.[2] Additionally, the motion and order addressed only appellant's communication privileges while in jail awaiting trial. They did not mention the charge against appellant or the State's evidence against appellant, nor did they express the trial court's opinion on appellant's guilt or innocence. We hold that appellant has not made a clear showing that the trial court was biased against him and overrule his first issue. *See Celis v. State*, 354 S.W.3d 7, 24–25 (Tex. App.—Corpus Christi), *aff'd* 416 S.W.3d 419 (Tex. Crim. App. 2013) (rejecting bias argument based in part on trial court's evidentiary rulings).

## II. Appellant has not established that the trial court's admission of exhibits functioned as an improper comment on the weight of the evidence that tainted his presumption of innocence.

Appellant contends in his second issue that the trial court commented on the weight of the evidence by admitting three different types of documents into evidence, thereby tainting his presumption of innocence in front of the jury. Appellant specifically complains about the admission of blank affidavits of non-prosecution, envelopes appellant addressed and mailed to Todd, and the previously mentioned motion to suspend appellant's communication privileges and subsequent order. Conceding he did not object to the admission of these documents on this basis, appellant asserts the error is fundamental error requiring no contemporaneous objection.[3]

---

[2] Appellant did not object in the trial court to the admission of the motion and order based on lack of relevance.

[3] Although he does not cite *Gordon v. State*, appellant appears to rely on the principle

8

Appellant cites no authority for the proposition that a trial court's act of admitting documents into evidence can constitute an improper comment on the weight of the evidence, much less one that taints a defendant's presumption of innocence. Appellant instead relies on *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000), which addressed a trial court's comment to the venire that the defendant had attempted to enter into a plea bargain with the State and that the trial court would have preferred a guilty plea. A plurality of the Court of Criminal Appeals determined that this comment vitiated the presumption of innocence before the venire, constituted fundamental error, and therefore required no objection. *Id.* at 132–33.

The Court of Criminal Appeals has determined that the *Blue* decision has no precedential value, but it can be considered for any persuasive value it might have. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013). We conclude *Blue* does not support a reversal in this case because the circumstances in the present case differ dramatically from those in *Blue*.

In the present case, the trial court exercised its discretion to admit evidence the State offered in response to appellant's cross-examination of Todd. The trial court made no comments in front of the jury regarding the evidence, it merely admitted the documents into evidence in response to the State's offer. This ruling is far different from the comments made by the trial judge in *Blue* that he would prefer the defendant to plead guilty. 41 S.W.3d at 130. We hold that the trial court's act of admitting the evidence at issue here did not impermissibly tread on appellant's presumption of innocence. *See Jasper v. State*, 61 S.W.3d 413, 421

stated therein that "while there appears to be no explicitly stated rule or approach, courts tend to determine whether or not the trial court's comments impermissibly tread upon a defendant's presumption of innocence. If so, then no objection is necessary, and there is error; if not, then there is no error regardless of whether appellant objected." 191 S.W.3d 721, 726 (Tex. App.— Houston [14th Dist.] 2006, no pet.).

(Tex. Crim. App. 2001) (rejecting contention trial court's exercise of discretion to maintain control and expedite trial negatively impacted defendant's presumption of innocence); *Edmondson v. State*, No. 14-14-00537-CR, 2015 WL 1735775, at \*3 (Tex. App.—Houston [14th Dist.] April 14, 2015, no pet.) (mem. op., not designated for publication) (rejecting argument that trial court's comments impermissibly tread upon defendant's presumption of innocence because defendant's counsel had "opened the door to testimony about revocation of [defendant's] probation."). We overrule appellant's second issue.

### III. The trial court's admission of the State's motion to revoke appellant's communication privileges and the order granting the motion did not violate appellant's confrontation rights.

In his third issue, appellant complains that the trial court's admission of the motion to suspend his communication privileges and the order granting the motion violated his Sixth Amendment right to confrontation. The motion and order are quoted above. The State responds that the trial court's admission of certified copies of these court records did not violate appellant's confrontation rights because they are non-testimonial. We agree with the State.

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the right to be confronted by the witnesses against him. U.S. Const. amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 51, (2004), the Supreme Court of the United States held that the Sixth Amendment right of confrontation applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *Wood v. State*, 299 S.W.3d 200, 207 (Tex. App.—Austin 2009, pet. ref'd) (citing *Crawford*, 541 U.S. at 51). The Confrontation Clause forbids the admission of testimonial hearsay unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Id. Crawford* did not extend this protection to non-testimonial hearsay. *Ford v.*

10

*State*, 179 S.W.3d 203, 209 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Whether a particular out-of-court statement is testimonial is a question of law. *Lee v. State*, 418 S.W.3d 892, 895–96 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

Admission of evidence that falls within a firmly rooted exception to the hearsay rule does not violate the Confrontation Clause. *Ford*, 179 S.W.3d at 209. The public records exception applies to records of public offices or agencies setting forth the activities of the agency. *Id.* This is a firmly rooted exception to the hearsay rule. *Id.* We conclude the trial court's admission of the certified copy of the State's motion and the trial court's order did not violate appellant's Sixth Amendment right to confront the witnesses against him because the records are non-testimonial hearsay. *See id.* (holding defendant's disciplinary records containing "sterile recitations of [defendant's] offenses and the punishments he received for those offenses" were non-testimonial and fell within a well-recognized hearsay exception); *see also Grant v. State*, 218 S.W.3d 225, 232 n.3 (Tex. App.— Houston [14th Dist.] 2007, pet. ref'd) (concluding that "[o]ur holding in *Ford*" governs admission of "[t]he portions of [school] records simply listing the alleged disciplinary infraction, the punishment received, the dates of the offenses or punishments, and the names of the school authorities involved"). We overrule appellant's third issue.

## IV. Appellant failed to preserve his fourth issue for appellate review.

In his fourth issue, appellant argues that the trial court erred when it allegedly refused to allow him to stipulate to his prior conviction for assault of a family member. The State asserts appellant failed to preserve this issue because he failed to bring his desire to stipulate to the trial court's attention. We agree with the State.

If a defendant stipulates to prior offenses used as jurisdictional enhancements, a trial court should not permit the admission of evidence of the prior convictions during the guilt/innocence phase because the danger of unfair prejudice from the introduction of such evidence substantially outweighs its probative value. *Hernandez v. State*, 109 S.W.3d 491, 494 (Tex. Crim. App. 2003). As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). Having reviewed the record, we have not found any indication appellant (1) made an unequivocal request to the trial court to stipulate to his prior assault conviction; (2) sought a ruling from the trial court on whether he could stipulate to the prior conviction; or (3) objected to the State's evidence of his prior conviction on this basis.[4] There is also nothing in the record showing that the trial court made a ruling denying appellant the opportunity to stipulate to the prior conviction. We therefore conclude appellant failed to preserve his fourth issue for appellate review, and we overrule that issue.

## V. The trial court did not abuse its discretion when it admitted evidence over appellant's hearsay objection.

In his fifth and sixth issues, appellant contends the trial court abused its discretion when it admitted two different items of evidence over his hearsay objection. First, he challenges the admission of Deputy Cessna's testimony that Todd told him appellant threw her into a vehicle and that she felt pain as a result. Second, appellant complains about the admission of the business records of the

---

[4] Appellant cites to a statement by his counsel that if the State's fingerprint expert testified appellant's fingerprint matched the print from the prior conviction, appellant would stipulate to that fact. But counsel clarified that he "d[id]n't have a problem with [testimony about] the jurisdictional – the jury already knows about the jurisdictional allegation. So there are no issues."

West I-10 Fire Department, which sent an ambulance to the scene in response to Cessna's requests.

## A. Standard of review and applicable law

We review a trial court's decision to admit evidence for an abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its discretion only if "the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). If the trial court's evidentiary ruling was correct on any theory of law applicable to that ruling, we must affirm the ruling. *Gomez v. State*, 380 S.W.3d 830, 836 n.9 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *De La Paz v. State,* 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

The Texas Rules of Evidence define hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Although hearsay is generally inadmissible, Rule 802 provides that inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay. Tex. R. Evid. 802.

A record of an act, event, condition, opinion, or diagnosis—commonly called a "business record"—is admissible hearsay if: (1) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (2) the record was kept in the course of a regularly conducted business activity; (3) making the record was a regular practice of that activity; (4) all of these conditions are shown by the testimony, affidavit, or unsworn declaration of the custodian or another qualified witness; and (5) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation

indicate a lack of trustworthiness. Tex. R. Evid. 803(6). "Business" includes every kind of regularly organized activity whether or not conducted for profit. *Id.*

**B.    Appellant did not preserve his fifth issue for appellate review.**

In his fifth issue, appellant argues that the trial court abused its discretion when it admitted Deputy Cessna's testimony that Todd told him she felt pain after appellant threw her into a vehicle. Appellant asserts that he lodged a hearsay objection to the testimony. Having reviewed the record, we disagree. To preserve error, a party must object every time the allegedly inadmissible testimony is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Appellant did not object to the State's question regarding Todd feeling pain, or to Cessna's answer that she did. Rather, he objected only to the State's previous question regarding what Todd told Cessna about what happened. Appellant's failure to object to the pain question and answer waives any hearsay challenge to the challenged testimony. *Id.* We overrule appellant's fifth issue.

**C.    The trial court did not abuse its discretion when it overruled appellant's hearsay objection to the fire department records.**

Appellant complains in his sixth issue that the trial court abused its discretion when it overruled his hearsay objection to the admission of the West I-10 Fire Department records. Appellant objected at trial that the entire collection of records at issue was inadmissible hearsay and could not be admitted through Deputy Cessna.

As just discussed, records of regularly conducted business activity are admissible as an exception to the hearsay rule. Tex. R. Evid. 803(6).[5] Because the

---

[5] *See also Lee v. State*, 779 S.W.2d 913, 917 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) ("Rules 803(6) and 902(10) operate together to permit a party to introduce admissible business records without the testimony of a 'live' witness."). Appellant did not complain in the trial court and does not complain on appeal that the requirements for self-authentication

records and the accompanying records affidavit meet the requirements of Rule 803(6), we conclude the trial court did not abuse its discretion when it admitted the records over appellant's hearsay objection. To the extent appellant argues on appeal that the records were inadmissible because they contained hearsay within hearsay, he did not make this objection in the trial court and has not preserved that argument for appellate review. *Ponce v. State*, 89 S.W.3d 110, 120 n.8 (Tex. App.—Corpus Christi 2002, no pet.). We overrule appellant's sixth issue.

## VI. Appellant has not shown that his trial counsel performed deficiently by failing to make certain objections.

Appellant contends in his seventh issue that his trial counsel rendered ineffective assistance by failing to object, properly object, or request an instruction to disregard a part of the State's opening statement, certain portions of trial testimony, and a single exhibit. The State responds that appellant has not shown that his trial counsel's performance was deficient. We agree with the State.

### A. Standard of review and applicable law

We review a claim of ineffective assistance of counsel under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant must first establish that counsel's performance was deficient. *Id*. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" the Sixth Amendment guarantees. *Id*. Second, appellant must show that the deficient performance prejudiced the defense. *Id*. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id*.

Appellant has the burden to prove ineffective assistance of counsel by a

---

contained in Rule 902(10) were not met. His only objection was that the records themselves were hearsay.

preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To defeat the strong presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

An appellate court looks to the totality of the representation, rather than an isolated act or omission, in evaluating the effectiveness of counsel. *Ex Parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Although it is possible that a single egregious error by counsel can constitute ineffective assistance, Texas courts have been hesitant to "designate any error as per se ineffective assistance of counsel as a matter of law." *Thompson*, 9 S.W.3d at 813 (quoting *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985)). An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct. *Id.* at 814. Ordinarily, counsel should have an opportunity to explain his or her actions or inactions before being held ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Appellant's claim is based on an omission: his counsel's failure to object, properly object, or request an instruction to disregard certain witness testimony and exhibits. The record is silent as to why appellant's trial counsel acted the way he did because appellant did not file a motion for new trial. To satisfy the first prong of *Strickland* on a silent record, it must be apparent "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless

16

of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (conduct "so outrageous that no competent attorney would have engaged in it"). As we explain below, this is not such a case, as it is possible the alleged omissions by appellant's trial counsel were based on a reasonable trial strategy.

## B. Appellant has not shown that the record is sufficient to overcome the presumption of competence.

Appellant complains that the jury heard six times about extraneous acts by appellant as a result of his trial counsel's deficient performance. *See* Tex. R. Evid. 404(b). We address each contention in turn.

Appellant first complains about his trial counsel's failure to object to the State's comment during its opening statement that Deputy Cessna is "going to tell you that he knows [appellant] and Cynthia Todd." Even if we assume that the State's comment was objectionable, we conclude on this record that appellant has not overcome the strong presumption that his counsel's failure to object fell within the wide range of reasonable professional assistance. It is possible that trial counsel was motivated by a reasonable trial strategy to not object to this comment by the State because he did not want to draw additional, potentially negative, attention to the ambiguous comment. *See Orellana v. State*, 489 S.W.3d 537, 550 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

Appellant next complains about his trial counsel's alleged failure to object properly to a statement found in the fire department records that "enforcement states this is fairly normal behavior for [appellant]. They have a prior history of—" Despite appellant's contention otherwise, his trial counsel did object to this

17

statement and the trial court redacted the challenged phrase before it was sent back to the jury.

In his third complaint, appellant argues that his trial counsel's failure to request an instruction to disregard Todd's testimony that appellant "was paroled out to my address" constitutes deficient performance. Appellant's trial counsel did object to this testimony by Todd and the trial court sustained the objection. Appellant is correct, however, that his trial counsel did not ask the trial court to instruct the jury to disregard the testimony. Appellant also complains about his trial counsel's failure to request an instruction to disregard Todd's testimony that appellant had dented her garage door on a different date by running his truck through the garage. We conclude appellant's trial counsel could have been motivated by a reasonable trial strategy in both situations as he did not want to call additional attention to challenged testimony. *See Agbogwe v. State*, 414 S.W.3d 820, 838 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding failure to request limiting instruction after trial court sustained objection could have been motivated by reasonable trial strategy to prevent further attention being drawn to objectionable testimony).

Appellant's fifth complaint concerns his trial counsel's alleged failure to request an instruction to disregard Todd's testimony: "It's been too long ago. There's been too many fights." Appellant misapprehends the record. His trial counsel did object to this testimony, and the trial court sustained the objection and instructed the jury to disregard the testimony in response to trial counsel's request. Trial counsel did exactly what appellant suggests on appeal he should have done; there was no deficient performance.

Finally, appellant complains that his trial counsel's performance was deficient because of the admission of the State's motion to suspend his

communication privileges and the order granting the motion. Appellant's trial counsel objected to the admission of these two documents. Appellant offers no specific argument on appeal as to how his trial counsel's performance regarding these documents was deficient.[6]

In sum, appellant has not met his burden to show that his counsel's performance fell below an objective standard of reasonableness. On this record, therefore, we conclude appellant has failed to prove his claim of ineffective assistance under *Strickland*. We overrule appellant's seventh issue.

## VII. The judgment of conviction should be modified to reflect the correct enhancements.

In a cross-issue on appeal, the State asks this Court to modify the corrected Judgment of Conviction by Jury dated August 26, 2015 to reflect that appellant pled true to both punishment-enhancement paragraphs and the fact that the trial court found the enhancement paragraphs true. A court of appeals may modify a trial court's judgment to correct an error when the matter has been called to the court's attention by any source. *Barfield v. State*, 464 S.W.3d 67, 84 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Because the record establishes that appellant pled true to both punishment-enhancement paragraphs and that the trial court found both paragraphs true, we modify the trial court's judgment accordingly. *Id.*

---

[6] Appellant's argument, in its entirety, states: "In each case, appellant's trial counsel either did not properly object or did not request an instruction that the jury disregard the evidence. There can be no strategic reasoning for this failure to object or failure to request an instruction."

## CONCLUSION

Having overruled all issues raised by appellant in this appeal, we affirm the trial court's corrected judgment as modified.

/s/ J. Brett Busby
   Justice

Panel consists of Justices Busby, Donovan, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

20