**Affirmed and Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00665-CR

---

**TRUNG THE LUU, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

---

### On Appeal from the County Criminal Court at Law No. 13
### Harris County
### Trial Court Cause No. 1796957

---

## O P I N I O N

Appellant Trung The Luu appeals his conviction for possession of marijuana. We affirm.

I

In September 2011, Trung opened a mailbox at a PostNet location in Cypress. The manager noticed that Trung always waited anxiously for the delivery of any packages, and, becoming suspicious, contacted the police to report the

activity. The police decided to perform a "knock and talk" at the address PostNet had on file for Trung, which they later learned was a home owned by Trung's father, Hong Luu.

Five officers from the investigation testified at trial. According to the officers, several people were already standing outside when they arrived at Trung's address. Four officers testified that Hong was also outside when they arrived, but one officer stated that Hong drove up after the police arrived. Trung was not present during the investigation.

Each officer testified that Hong was very cooperative. Indeed, three testified that he orally consented to the search and signed a written consent form before the search began. A fourth officer also testified that Hong consented to the search but did not specify when the consent was obtained. After obtaining Hong's consent, the officers searched the entire residence except for one locked room, which Hong told them was Trung's bedroom. One officer testified that they found no sign of narcotics during the initial search, but two testified that they smelled marijuana outside Trung's door. The officers obtained Hong's permission to bring a drug dog into the home, and the dog positively alerted for narcotics at Trung's door. According to the officers, Hong offered to force Trung's door open, but they declined because they wanted to obtain a search warrant first.

One officer (apparently the only female officer) left the scene to obtain a search warrant and called to notify them when the warrant was signed. The officers then opened Trung's bedroom door by drilling the lock out with a drill Hong provided. Upon entering the room, the officers found several bags of small quantities of hydroponic marijuana, additional bags containing cocaine residue, a digital scale, and other drug paraphernalia.

At trial, Hong presented an alternative account. According to Hong's testimony, he came home from work to find "a lot of police" at his home, and he

believed police officers were already inside. He asked permission to enter his home, and some number of police officers entered with him. Hong denied that the police ever asked permission to search the home or informed him he could object to their search. He stated that, upon coming to Trung's door, the police wanted to break the door down, but Hong asked them not to. An officer then asked him for a drill and drilled the lock out. Hong claimed that the female officer did not leave until after the officers had drilled the lock. After the search, Hong testified, he was standing outside the house with an officer who retrieved several forms from his vehicle and asked Hong to sign them. Hong never claimed the officers threatened him or coerced him to consent; at worst, he alleged that they "had" him sign the consent form as they left.

Before trial, Trung moved to suppress any evidence taken from his bedroom, claiming that the officers did not have a warrant or probable cause to search the house or to search his locked bedroom specifically. The judge did not make a pretrial ruling. During trial, Trung sometimes objected to testimony regarding the search of the residence and of his room, and sometimes failed to do so. He eventually obtained a running objection to evidence regarding "anything that occurred" at the Luus' address. Nevertheless, the judge admitted most of the evidence regarding the contents of Trung's room. After both sides closed, Trung urged his motion to suppress the evidence, arguing that the testimony of the State's witnesses had been inconsistent, the officers did not have probable cause to commence the investigation, and Hong never consented to the search. The trial court denied Trung's motion, and the jury found him guilty.

On appeal, Trung argues that the trial judge erred by overruling his motion to suppress because the officers had neither probable cause nor voluntary consent to search Hong's residence, and the officers had no probable cause to search Trung's locked bedroom. Trung also argues that the trial judge denied him a fair

trial because he assisted the prosecutor, and that the officers were not qualified to testify that the marijuana they found in his bedroom was hydroponic.

## II

In Trung's first, second, and fifth points of error, he argues that the trial court erred by overruling his motion to suppress because there was no probable cause to search the house, there was no probable cause to search his locked bedroom, and Hong's consent was not voluntarily given. We address these issues together.

## A

To preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. Tex. R. App. P. 33.1(a); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Additionally, the point of error on appeal must comport with the complaint or objection made during trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

As a general rule, a motion to suppress will preserve error in the admission of evidence without further objection at trial if the motion is overruled by the court following a pretrial hearing. *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). But when, as here, the trial court does not hold a pretrial hearing on the motion, the defendant must make a timely objection to the evidence when it is offered at trial in order to preserve error. *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). Even constitutional errors may be waived by failure to object at trial. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). "[A] party must object each time the inadmissible evidence is offered or obtain a running objection. An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

4

## B

In this case, the trial court did not hold a pretrial hearing on Trung's motion to suppress, so Trung was required to timely object to the evidence when it was offered at trial to preserve his error. *See Ross*, 678 S.W.2d at 493. On the first day of trial, the State called Officer Ryan Brown, who testified that he heard Hong orally consent to the search of the home, that he witnessed Hong sign the consent form, and that Hong was very cooperative the entire time the officers were there. Brown further testified that after the drug dog alerted for narcotics at Trung's door, one of his fellow officers left to obtain a search warrant. After the officers received confirmation that the magistrate had signed the search warrant, they entered Trung's room by drilling out the lock, which Hong helped them do. Brown then testified at length about the narcotics and drug paraphernalia that they found in Trung's bedroom. Trung did not object to any of this testimony.

The State next called Officer David Thomas, who had taken the drug dog into the house. Before Thomas began testifying about the search, Trung's counsel objected "to any testimony with regard to what he observed in the residence. The entry into the residence was without a search warrant, without probable cause; and anything that he observed when he went in the residence is as a result of an illegal search." The trial court overruled the objection. Importantly, neither the objection nor the motion to suppress challenged the voluntariness of Hong's consent. Thomas proceeded to testify that he took the drug dog into the house with Hong's consent, and the dog positively alerted for narcotics at Hong's bedroom door.

The State's next witness was Officer Anna Ortiz, who testified, without objection, that she saw Hong willingly sign the voluntary-consent-to-search form, which the State then introduced into evidence. Trung's counsel objected to the signature on the consent form because it was not legible. But because Ortiz had testified that she personally saw Hong sign it, the trial court overruled the

5

objection. The judge then asked, "[D]o you have any objection other than you can't read the defendant's -- or the signature?" Trung's counsel replied, "Not at this time, Your Honor." Ortiz then testified that after the drug dog alerted at Trung's bedroom door, she left the house and obtained a search warrant. It was not until after both sides rested the following day that Trung's counsel raised the issue of consent for the first time while he urged his motion to suppress. The trial court denied the motion.

Trung failed to preserve any error because he did not make timely, specific objections each time the allegedly inadmissible evidence was offered at trial. *See Valle*, 109 S.W.3d at 509. And because the trial court did not rule on his motion to suppress until after the evidence at issue had come in without objection, that ruling likewise preserved no error. *See Ross*, 678 S.W.2d at 493; *see also Sanders v. State*, 387 S.W.3d 680, 686 (Tex. App.—Texarkana 2012, pet. struck) ("A ruling made on a motion to suppress after an officer has testified about the facts sought to be suppressed in front of a jury does not preserve error since the ruling is untimely obtained.").We therefore overrule Trung's first, second, and fifth issues.

## III

In Trung's third point of error, he argues the trial judge assisted the State in the introduction of evidence and thereby denied Trung a fair and impartial trial under both the state and federal constitutions and under the Texas Code of Criminal Procedure.[1] The State contends Trung did not preserve this claim because

---

[1] Trung does not cite a specific provision from the Texas Constitution, and he argues the trial court's alleged bias violated Trung's right to a fair trial under the Fourth Amendment of the United States Constitution. We presume Trung intended to cite the Fifth Amendment, which protects defendants from being "deprived of life, liberty, or property, without due process of law," rather than the Fourth Amendment, which prohibits unreasonable searches and seizures. *See* U.S. Const. amends. IV & V. This presumption comports with his argument and with article 1.03 of the Code of Criminal Procedure, which provides that the Code of Criminal Procedure seeks, among other things, to "insure a fair and impartial trial." *See* Tex. Code Crim. Proc. art.

(1) he objected only once to the judge's demeanor and attitude, claiming the judge was "rushing to justice," (2) this objection occurred after most of the alleged misconduct of which Trung now complains, and (3) Trung never objected on the basis that the judge was helping the prosecutor introduce evidence. Alternatively, the State argues that the record in this case does not demonstrate bias or impropriety on the part of the trial judge.

## A

As discussed above, the complaining party must make a timely, specific objection and obtain a ruling on the objection to preserve error for appellate review. *See* Tex. R. App. P. 33.1(a); *Broxton*, 909 S.W.2d at 918. Absent an objection, a defendant waives error unless it is fundamental—that is, the error creates egregious harm. *Powell v. State*, 252 S.W.3d 742, 744 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In this case, however, we need not determine whether the alleged error was fundamental because, after reviewing the record, we find no signs of bias or partiality. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (declining to decide whether an objection is required to preserve an error of this nature and instead resolving the issue on the basis that the record did not reflect partiality of the trial court).

## B

Due process requires a neutral and detached judge. *Id.* at 645; *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). A judge should not act as an advocate or adversary for any party. *Id.* To reverse a judgment on the ground of improper conduct or comments of the judge, we must find (1) that judicial impropriety was in fact committed, and (2) probable prejudice to the complaining party. *Id.* The scope of our review is the entire record. *Id.*

---

1.03.

Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id.* Such remarks may constitute bias if they reveal an opinion deriving from an extrajudicial source, but when no extrajudicial source is alleged, such remarks will constitute bias only if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *Id.*

In this case, Trung does not allege that judge's remarks revealed an opinion derived from an extrajudicial source. Rather, he argues "[t]he trial judge, a former prosecutor, assisted the State in the introduction of evidence." He then cites sixteen locations in the record, offering no more than the bare citations, several of which are incomplete. Trung then contends, "By his rulings and suggestion of the way the prosecutors should introduce the evidence, it was evident that this was not a fair and impartial trial. . . . The sentence imposed by the judge reflects his demeanor during the trial."

First, we note that the jury, not the trial judge, assessed Trung's punishment in this case. Additionally, Trung does not challenge the merits of the judge's rulings that allegedly revealed a bias,[2] and he offers no discussion whatsoever to support his conclusory assertions that the judge was outwardly biased against him or that the judge somehow helped the prosecutor introduce evidence. In fact, many of the rulings of which Trung now complains were in his favor, and the judge did not help the prosecutor introduce evidence merely by explaining the basis for those rulings. Additionally, several of the judge's other remarks benefitted Trung, such as when the trial judge admonished the prosecutor for leading his witness and when the judge sua sponte interrupted the State's witnesses to ensure they did not

---

[2] Because Trung does not challenge any particular ruling as an abuse of the trial court's discretion, that issue is not properly before us on appeal. *See* Tex. R. App. P. 33.1; *see also Avilez v. State*, 333 S.W.3d 661, 674 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

offer inadmissible testimony in response to the prosecutor's questions. At other times, the trial judge was clearly trying to avoid the needless consumption of time, which is expressly permitted by the Rules of Evidence, *see* Tex R. Evid. 611(a), and any criticism or disapproval the judge expressed in doing so fell far short of judicial impropriety. *See Dockstader*, 233 S.W.3d at 108.

Accordingly, we conclude that none of the judge's remarks of which Trung now complains revealed any judicial impropriety, let alone such a high degree of favoritism or antagonism as to make fair judgment impossible, and we therefore overrule his third issue. *See id.*

V

In his fourth point of error, Trung asserts that the officers were not qualified to testify that the marijuana was hydroponic. Again, however, Trung did not preserve this argument for appeal.

As explained above, "[a] party must object each time the inadmissible evidence is offered or obtain a running objection. An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Valle*, 109 S.W.3d at 509; *see* Tex. R. App. P. 33.1(a). In this case, Brown testified, without objection, that the officers found hydroponic marijuana in Trung's bedroom and that Brown recognized it as hydroponic because he was familiar with the smell. Thomas similarly testified, without objection, that the first thing he noticed upon entering Trung's room was "an overwhelming smell of hydroponic marijuana." Additionally, after a third officer testified that the officers found hydroponic marijuana in Trung's bedroom, he testified at length about the differences in appearance, color, and odor between hydroponic marijuana and "regular" marijuana. And when the officer began testifying about the price of hydroponic marijuana, Luu's attorney objected, stating, "I'll object to that line of questioning being irrelevant as to the price. He can tell us the difference in the

9

content." This was clearly not an objection to the officer's ability to identify the marijuana as hydroponic.

Moreover, Trung never obtained an adverse ruling from the trial court. On the two occasions when Trung objected that the testifying officers were not qualified to identify or describe hydroponic marijuana, and the court directed the prosecutor to rephrase his question or lay a foundation. In the first instance, Trung objected to the revised line of questioning, and the court sustained his objection. In the second, Trung did not object to rephrased questions about hydroponic marijuana. Without an adverse ruling from the trial court, there is no error for our review. *See* Tex. R. App. P. 33.1(a). We therefore overrule Trung's fourth issue.

\* \* \*

Accordingly, we overrule Trung's errors on appeal and affirm the judgment of the trial court.


/s/    Jeffrey V. Brown
Justice


Panel consists of Justices Brown, Christopher, and McCally.

Publish — Tex. R. App. P. 47.2(b).

10