**AFFIRM; and Opinion Filed November 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01412-CR

### BENITO SILVERIO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1215745-P**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Stoddart
Opinion by Justice Fillmore

Benita Silverio pleaded guilty to the offense of burglary of a habitation in exchange for the State's recommendation of a five-year to thirty-year sentence. The trial court assessed punishment of twenty-five years' confinement. In a single issue, Silverio contends we must reverse the trial court's judgment and remand for a new punishment hearing because the trial court failed to remain a neutral factfinder and cross-examined him in violation of his right to procedural due process under the United States Constitution. We conclude the record does not demonstrate the unique circumstances that would allow us to review Silverio's issue in the absence of a contemporaneous trial court objection and, therefore, we resolve Silverio's issue against him and affirm the trial court's judgment.

Prior to his trial, Silverio testified at the trial of Jose Alfaro on a charge arising out of the burglary for which Silverio was charged. The trial judge who presided over Alfaro's trial presided over Silverio's open plea of guilty. Because Silverio "helped the State with the trial of Jose Alfaro," the State agreed to recommend a sentence for Silverio in the range of five to thirty years' confinement. Silverio complains that, at the conclusion of his testimony during the plea hearing, the trial judge questioned him about his testimony in Alfaro's trial, criminal history, and plans after he is released from prison, and the trial judge cautioned him to "be honest with [her] because [he] had nothing to lose," and commented that a "real man would not have gone over that night and done this," and the "right thing to do is whatever God would have done, and the right thing to do would not have been to do that."

In a single issue, Silverio asserts he was denied his constitutional right to due process of law under the United States Constitution when the trial judge abandoned her role as a neutral factfinder and cross-examined him. According to Silverio, the trial judge engaged in a discussion with him that was subsequently used to justify the sentence she imposed. Silverio acknowledges he failed to object to any of the trial judge's questions or comments, but contends the trial judge's questions and comments indicate the trial court was not fair and impartial or was acting as an adversary, thus constituting "fundamental and structural"[1] error to which no objection was required in order to preserve error for appellate review. After reviewing the record and the law, we cannot agree.

Most appellate complaints must be preserved by a timely request for relief at the trial court level. *See* TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013); *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*

---

[1] *See Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004) ("Structural errors (those which involve fundamental constitutional systemic requirements) are those which defy analysis by harmless error standards.").

*by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Even claims involving constitutional error, including claims that due process rights have been violated, may be waived by failing to object. *Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).[2] This general rule applies to complaints regarding improper judicial comments, except when the judicial comments rise to a level of fundamental error. *See Unkart*, 400 S.W.3d at 99.

In *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. Smith*, 947 S.W.2d 262, 264 (Tex. Crim. 1997), the court of criminal appeals identified three categories of rights belonging to litigants: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigations which are to be implemented upon request. 851 S.W.2d at 279. Silverio argues the facts of this case fall within the first of those categories of rights. That category concerns "absolute requirements and prohibitions" or "systemic" rights "which are essentially independent of the litigant's wishes." *Sanchez v. State*, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003); *Marin*, 851 S.W.2d at 278. These absolute or fundamental rights are not subject to the preservation requirements of rule of appellate procedure 33.1. *See Sanchez*, 120 S.W.2d at 366. We need not determine whether a contemporaneous objection was required at Silverio's plea hearing in order to preserve his due process complaint, because, after reviewing the record, we do not find the unique circumstances that would allow us to review Silverio's issue in the absence of a contemporaneous objection to the trial court. *See Brumit v. State*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (stating it need not decide whether an objection is

---

[2] Absent fundamental error, "a due process claim, like many others however, is not preserved for review on appeal unless it was raised at trial." *Garrett v. State*, No. 05-13-00883-CR, 2015 WL 4751218, at *3 (Tex. App.—Dallas Aug. 12, 2015, pet. filed) (mem. op., not designated for publication).

required to preserve error of this nature and instead resolving issue on basis that record did not reflect partiality of trial court).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. The touchstone of due process is fundamental fairness. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). Due process requires a neutral and detached judicial officer. *Gagnon*, 411 U.S. at 785-86; *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *Brumit*, 206 S.W.3d at 645. The trial court should always act as a neutral arbiter between the advocates. *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); *Johnson v. State*, 452 S.W.3d 398, 405 (Tex. App.—Amarillo 2014, pet. ref'd). But, "[a]bsent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit*, 206 S.W.3d at 645.

To reverse a judgment based on improper conduct by the trial court, we must conclude the judicial impropriety occurred and prejudice probably resulted to the complaining party. *Johnson*, 452 S.W.3d at 405; *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Our review encompasses the entire record. *Dockstader*, 233 S.W.3d at 108. Judicial conduct that is critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily does not support a bias or partiality challenge. *Id.* "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"; however, judicial remarks during the course of a trial will support a bias or partiality challenge if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Luu v. State*, 440 S.W.3d 123, 129 (Tex. App—Houston [14th Dist.] 2013, no pet.).

In *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality op.), the court of criminal appeals granted relief on an improper-judicial-comment complaint that was not preserved at trial. *See id*. at 133, 135. However, the court did not agree on a rationale for granting relief and, consequently, *Blue* is a plurality decision with no precedential value. *Unkart*, 400 S.W.3d at 100–101. Thus, the separate opinions in *Blue* may only be considered for any persuasive value they might have. *Id*. at 101. The trial judge's comments in *Blue* concerned the defendant's plea bargain negotiations and vitiated the defendant's presumption of innocence in front of the venire, adversely affecting his rights to a fair trial. We conclude *Blue* is not persuasive here, where there was no jury to taint and Silverio's right to be presumed innocent was not an issue in light of his plea of guilty .[3]

Although Silverio argues the harmful nature of the trial court's conduct constitutes fundamental error, he has not cited any case finding fundamental error involving questions or comments similar to those contained in the record before us. The trial court's questions and comments in this case did not display a "deep-seated" antagonism that would make a fair judgment impossible. *Liteky*, 510 U.S. at 555; *Luu*, 440 S.W. 3d at 129. In other words, on this record, the trial court did not become so entangled in the role of an advocate that it lost its ability to remain neutral and detached.

Because the record does not demonstrate the unique circumstances that would allow us to review Silverio's issue in the absence of a contemporaneous trial court objection, we conclude he has failed to preserve his due process complaint for our review. We resolve his sole issue against him.

---

[3] *See Gayton v. State*, Nos. 05-14-01315-CR & 05-14-01316-CR, 2015 WL 4600794, at *4-5 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op., not designated for publication); *Johnson v. State*, Nos. 05-14-00791-CR, 05-14-00792-CR, & 05-14-00793-CR, 2015 WL 4600472, at *2 (Tex. App.—Dallas July 31, 2015, pet. filed) (mem. op., not designated for publication).

Accordingly, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

141412F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BENITO SILVERIO, Appellant

No. 05-14-01412-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F-1215745-P.
Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of November, 2015.