**Affirmed and Memorandum Opinion filed August 23, 2018.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-17-00130-CR

**AHMED OLASUNKANMI SALAU, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 2118163**

## M E M O R A N D U M   O P I N I O N

Appellant Ahmed Olasunkanmi Salau appeals his conviction for displaying a personal identification certificate not issued to the holder. *See* Tex. Transp. Code § 521.451. A jury found appellant guilty, and the trial judge sentenced him to 350 days in jail. In a single issue, appellant asserts that he was denied a fair and impartial trial due to comments the judge made during voir dire proceedings. We affirm.

## *Background*

Appellant was charged after displaying a personal identification certificate that was not issued to him while attempting to board a flight at Houston Intercontinental Airport.[1] According to the evidence, appellant attempted to board a United Airlines flight using an "oversold" boarding pass (with no seat assignment) in the name of Jesus Hernandez, but the boarding pass was not accepted by the gate agent. Appellant then offered to buy a new ticket and was asked by an airlines supervisor for a form of identification and method of payment. Appellant presented an Ohio driver's license issued to Davon Wells, but claimed he lost his wallet in Chicago.

Appellant represented himself pro se in the trial court. A visiting judge was assigned to try the case. As mentioned, appellant's sole issue concerns comments the judge made during the voir dire process. Appellant acknowledges not objecting to the comments at the time they were made but asserts that the comments constituted fundamental or structural error. He specifically complains that the trial judge's comments eroded the presumption of innocence, negatively reflected on appellant's decision to represent himself, and mischaracterized the charged offense (a Class A misdemeanor) as akin to felony identity theft.

## *Applicable Law*

**Preservation.** As mentioned, appellant contends that the trial court's comments constituted fundamental or structural error that did not need to be preserved in the trial court but could be raised for the first time on appeal. The Court of Criminal Appeals, however, has held that there is no common law "fundamental

---

[1] Under Texas Transportation Code section 521.452, it is an offense, among other things, to "display or represent as the person's own a driver's license or certificate not issued to the person." Tex. Transp. Code § 521.452(a)(3).

error" exception to the rules of error preservation. *See Proenza v. State*, 541 S.W.3d 786, 793-94 (Tex. Crim. App. 2017) (citing *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993)). As recently reiterated in *Proenza*, the Court in *Marin* explained that the Texas criminal adjudicatory system contains three distinct kinds of error-preservation rules: (1) absolute requirements and prohibitions, (2) rights of litigants which must be implemented by the system unless expressly waived, and (3) rights of litigants which are to be implemented upon request. *Id.* at 792; *Marin*, 851 S.W.2d at 279. If alleged error falls into one of the first two categories, it may be raised for the first time on appeal. *See Proenza*, 541 S.W.3d at 792.[2]

In light of *Proenza*, we reject appellant's assertion that his unpreserved complaints regarding the trial judge's comments during voir dire must be addressed on the merits because the complaint involves "fundamental error." *See id.* at 792-801. Appellant does not address the categorization of his complaints under *Marin*. Assuming without deciding that appellant's complaints fall within the first or second *Marin* categories, we conclude that the trial judge's comments do not constitute reversible error.[3] *See, e.g., Loge v. State*, No. 14-16-00799-CR, 2018 WL 2306916,

---

[2] The Court in *Proenza* specifically addressed whether a complaint regarding a violation of Texas Code of Criminal Procedure article 38.05, which "prohibits a trial judge from commenting on the weight of the evidence in criminal proceedings or otherwise divulging to the jury [the judge's] opinion of the case," must be preserved in the trial court to be considered on the merits on appeal. 541 S.W.3d at 791. The Court concluded that the defendant's "claims of improper judicial comments raised under Article 38.05 are not within *Marin*'s third class of forfeitable rights," but that the "right to be tried in a proceeding devoid of improper judicial commentary is at least a category-two, waiver-only right." *Id.* at 801. "Because the record does not reflect that *Proenza* plainly, freely, and intelligently waived his right to his trial judge's compliance with Article 38.05, his statutory claim in this matter is not forfeited and may be urged for the first time on appeal." *Id.* Although the appellant in the present case does not specifically reference article 38.05, he does challenge the trial judge's statements as improper judicial commentary.

[3] Appellant cites *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality op.), in support of his position that he can raise his issue for the first time on appeal. However, the Court of Criminal Appeals has explained that as a plurality opinion, *Blue* has no precedential value.

at *8 (Tex. App.—Houston [14th Dist.] May 22, 2018, no pet.).

**Judicial impartiality.** Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). A defendant has an absolute right to an impartial judge at both the guilt/innocence and punishment stages of trial. *Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

To reverse a judgment on the ground of improper conduct or comments of the judge, we must find that (1) judicial impropriety was in fact committed and (2) probable prejudice to the complaining party resulted. *Luu v. State*, 440 S.W.3d 123, 128–29 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The scope of our review is the entire record. *Id*.

**Voir dire.** The voir dire process is designed to insure, to the fullest extent possible, that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it. *Drake v. State*, 465 S.W.3d 759, 764 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The purpose of voir dire examination is to expose any bias or interest of prospective jurors which might prevent full consideration of the evidence presented at trial. *Id*. Only when a trial judge's comments during voir dire are reasonably calculated to benefit the State or prejudice the defendant's rights will reversible error occur. *Gardner v. State*, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987); *Ford v. State*, 14 S.W.3d 382, 393 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### *Analysis*

**Presumption of innocence.** Appellant first asserts that certain of the judge's statements eroded the presumption of innocence. *See* Tex. Code Crim. Proc. Art.

---

*Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013).

38.03; Tex. Penal Code § 2.01; *Miles v. State*, 204 S.W.3d 822, 825 (Tex. Crim. App. 2006). Appellant specifically complains regarding a portion of the judge's comments wherein he was discussing the law regarding driver's licenses and identification cards. The judge explained that it is a violation of law to possess more than one valid license or identification card at a time, even if the additional card or cards are in your name. *See* Tex. Transp. Code § 521.451(a)(4). The judge then said, "Of course, if it was somebody else's card, it is a clear violation." Appellant asserts that with this statement, the judge "effectively told the jury to convict." Appellant maintains that "[t]here can be no presumption of innocence if the court instructs the jury that the mere possession is a clear violation of the law." Appellant, of course, was charged and convicted for *displaying* a personal identification certificate that was not issued to him and not merely *possessing* one. *Compare id*. § 521.451(a)(3) *with id*. § 521.451(a)(4).

Appellant, however, takes the judge's comments out of context. Immediately before the judge's comment that "if it was somebody else's card, it is a clear violation," the judge explained that:

> [Y]ou just cannot possess another person's identification card, another person's driver's license. And if you do and present it as your license, the identification card as being your card, it is a Class A misdemeanor . . . . And the gist of the matter is, Folks, you cannot possess . . . somebody else's identification card and say, that is me. Here you go. That is me.

Viewed in context, the judge's comments appear less like an instruction to the venire panel that appellant should be found guilty for mere possession and more like what they were, a general discussion of this area of the law concerning driver's licenses and identification cards. The judge mentioned possession but also specifically mentioned presenting and representing another's license or card to be one's own, the very violation with which appellant was charged.

5

Moreover, the judge spent considerable effort in his comments to the venire panel emphasizing that appellant was to be presumed innocent unless and until the State proved appellant's guilt beyond a reasonable doubt. The jury charge also contained explicit instructions regarding the presumption of innocence as well as the State's burden of proof and the jury's role as factfinder. The question asked of the jury was also explicit in authorizing conviction only if the evidence established beyond a reasonable doubt that appellant intentionally or knowingly displayed or represented as his own a personal identification certificate that was not issued to him. Viewed in context, we conclude that the judge's comments were not improper and did not erode the presumption of innocence. *See Luu*, 440 S.W.3d at 128–29; *see also McLean v. State*, 312 S.W.3d 912, 917 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (rejecting contention that judge's comments during voir dire regarding law on prostitution violated right to presumption of innocence).

**Pro se status.** Appellant next complains regarding comments by the judge that appellant contends negatively reflected on his decision to represent himself. Appellant specifically cites the judge's following statements referencing appellant's pro se status:

- So, pointblank, plain English, he is on his own today. This process should make you uncomfortable. It makes me uncomfortable.
- To his right is somebody I shanghaied today, a lawyer . . . .
- Tell your boss, Boss, I am in trial . . . for a couple of hours. And I expect to be done with this mess by late Thursday afternoon . . . .
- I can't cut you any slack if you don't know what you're doing.

Appellant suggests that the judge's comments imported an attitude of contempt and hostility toward appellant by questioning the wisdom of his decision, using the term "shanghaied" to refer to the lawyer assigned to assist appellant, and referencing the

6

resulting proceedings as a "mess."

We, however, reject appellant's characterization of the judge's comments. The particular statements appellant highlights came during a detailed and respectful discussion of appellant's decision to represent himself. The judge explained that it was appellant's right to do so, that "the advantages and disadvantages" of appellant's chosen course of action had been explained to him, and that appellant had "knowingly and intelligently and voluntarily chosen not to hire counsel." The judge further counseled the venire panel members that if they were chosen as jurors they could not "cut [appellant] any slack" but they also could not "hold [his pro se status] against him."

As the excerpted comments indicate, the judge did express some concern regarding appellant's decision, but in context this concern does not come across as contempt or hostility. The judge was preparing the venire panel for the fact that appellant would be representing himself—which likely would raise questions for potential jurors—as well as the fact that the judge would not be giving appellant any special treatment because he was acting pro se. Also, the judge asked if appellant's pro se status would prevent any of the venire panel members from giving either appellant or the State a fair hearing. *See Drake*, 465 S.W.3d at 764 (explaining that one of the purposes of voir dire examination is to expose any bias or interest prospective jurors might have which would prevent their full consideration of the evidence presented at trial).

The judge's offhand reference to the proceedings as a "mess" does not appear to be a reference specifically to appellant's decision to proceed pro se, but appears to be an attempt to offer some levity regarding the nature of criminal trials in general. Similarly, the judge's statement that he "shanghaied" a lawyer to offer appellant assistance does not appear to be any type of derogatory remark aimed at appellant

or his decision to represent himself. The judge explained that the lawyer was not representing appellant and didn't know the facts of the case but was only there to assist in answering procedural questions. Taken in context, none of the highlighted comments regarding appellant's pro se status appear hostile or contemptuous toward him or his choice of self-representation or otherwise improper. *See Luu*, 440 S.W.3d at 128–29; *see also Ganther v. State*, 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding trial judge's comments regarding defendant's pro se status were not improper); *Saunders v. State*, 721 S.W.2d 359, 364 (Tex. App.—Tyler 1985, pet. ref'd) (same).

**Characterization of offense.** Lastly, appellant asserts that the trial judge improperly equated the offense with which appellant was charged (a Class A misdemeanor) with the felony offense of identity theft. *Compare* Tex. Penal Code § 32.51 (identity theft) *with* Tex. Transp. Code § 521.452(a)(3) (displaying a personal identification certificate not issued to the holder). As appellant emphasizes, the judge made several references to identity theft, asking which panel members had been victims of identity theft, noting that "[i]dentity theft can be a problem," answering his own question "[w]hat is this about?" by, in part, discussing identity theft. He further noted that identity theft could be used to facilitate child abduction and bank fraud. The judge stated that "[i]t's about truth telling, security clearances, identification theft," and "[t]he case suggests some kind of identity scheme." Appellant insists that the judge's discussion of "the wrong law" violated his "right to a fair trial and a fair and impartial tribunal."

Although, in isolation, the trial judge's statements seem to place undue emphasis on the similarities between the offense of identity theft and the offense for which appellant was charged, in context, it can be seen that the trial judge had at least two legitimate reasons for referencing identity theft in this manner. First, the

judge carefully questioned the jury regarding whether they or a family member had been victims of identity theft in an effort to uncover potential bias pertaining to crimes of this type. *See Drake*, 465 S.W.3d at 764. Although the two offenses are not identical, and one is a misdemeanor while the other a felony, identity theft and displaying a personal identification certificate not issued to the holder have certain similarities such that a person victimized by one offense might hold a bias against someone accused of the other offense. Along these lines, the judge also asked if anyone had had a close friend or family member who "was charged with something like this, I.D. theft, false presentation of identification," also in an attempt to uncover potential bias.

Second, the judge's comments regarding identity theft were clearly part of his attempt to explain the charged offense to the jury by means of referencing a more commonly known offense. The judge mentioned early in the voir dire process that he was a visiting judge, had just received the case file that morning, and had never previously presided over a trial for displaying a personal identification certificate not issued to the holder. In his comments, the judge appears to be working through the specifics of the law along with the jury. Ultimately, the judge told the venire panel specifically that appellant was charged with "present[ing] an identification card or driver's license that, in fact, was not him." Indeed, by the end of his comments, the judge had reiterated the charged offense at least three times. Moreover, during the course of the trial, as well as in the jury charge, the judge made the elements of the charged offense explicit.

Viewing the entirety of the record, we conclude that the judge's comments regarding identity theft were not improper, *see Luu*, 440 S.W.3d at 128-29; *McLean*, 312 S.W.3d at 917, and they were not reasonably calculated to benefit the State or prejudice the defendant's rights. *See Gardner*, 733 S.W.2d at 210. The comments

9

did not render appellant's trial unfair.

For the foregoing reasons, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/    Martha Hill Jamison
        Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).