

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00447-CR

Raul Daniel **NORRIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9017
Honorable Raymond Angelini, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 29, 2019

AFFIRMED

Appellant Raul Daniel Norris appeals his conviction for driving while intoxicated—third offense. Norris argues that there was no reasonable suspicion for the officer to conduct an investigative detention, and the investigation was not motivated by a community caretaker function. Because Norris failed to obtain a ruling on his motion to suppress before the evidence was admitted, and he stated "No objection" when the State offered its evidence from the stop and seizure, he waived his complaints, and we affirm the trial court's judgment.

**BACKGROUND**

San Antonio Police Officer Daniel Zimmerman saw Norris's vehicle parked in a strip mall parking lot in Bexar County at about 10:05 pm. Norris's vehicle was parked in a parking place, and Norris was seated in the vehicle's driver's seat, apparently asleep. The vehicle's driving lights were on, the key was in the ignition, and the engine was running.

Officer Zimmerman called for backup. Immediately after the other officers arrived at the scene, Officer Zimmerman woke up Norris. Norris admitted to having been drinking alcohol, but he gave incomplete or nonspecific answers to the officer's specific questions about when, where, and how much alcohol he had consumed and how he came to be parked in the parking lot. Norris refused to perform field sobriety tests and refused to give a blood or breath sample. He was arrested, and officers obtained a warrant to draw a blood sample. The blood sample test revealed a blood alcohol concentration of 0.185 grams of alcohol per 100 milliliters of blood.

Norris was charged with operating a motor vehicle in a public place while intoxicated and having had two previous convictions for operating a motor vehicle while intoxicated. Norris filed a motion to suppress, but he did not request a hearing or obtain a pretrial ruling on the motion.

The case was tried to a jury, and Norris elected to have the trial court assess punishment. The jury found Norris guilty of the charge. The trial court sentenced Norris to confinement in the Texas Department of Criminal Justice—Institutional Division for five years, with the sentence of confinement suspended and Norris placed on community supervision for five years.

Norris appeals his conviction and raises two issues. He argues that his Fourth Amendment right to prevent illegally obtained evidence from being used against him was violated because (1) the officer had no reasonable suspicion to conduct an investigatory detention and (2) the officer's investigatory detention was not motivated by a community caretaking function.

The State responds that Norris waived his complaints about the evidence obtained from his detention because he failed to get a pretrial hearing or a ruling on his motion to suppress, and he failed to object to the now-complained-of evidence when it was offered at trial.

We begin with a brief review of the applicable law.

### APPLICABLE LAW

"[I]t is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits." *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (quoting *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010)). "To preserve [a claim of] error, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it." *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004).

For a motion to suppress evidence, merely filing the motion before trial is not enough to preserve a claim of error. *Id.* (citing *Thomas v. State*, 884 S.W.2d 215, 216 (Tex. App.—El Paso 1994, pet. ref'd)). If the appellant does not obtain a ruling on his motion to suppress and fails to object to the evidence when it is offered, even if the appellant later urges the motion to suppress, the appellant will have waived his claim of error. *Id.* (citing *Thomas*, 884 S.W.2d at 216–17; *Trung The Luu v. State*, 440 S.W.3d 123, 127 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984)) ("[W]hen, as here, the trial court does not hold a pretrial hearing on the motion, the defendant must make a timely objection to the evidence when it is offered at trial in order to preserve error.").

We review purely legal questions de novo. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011) (quoting *State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011)) (relating in the context of reviewing a motion to suppress that "[a]ll purely legal questions are reviewed de novo").

## DISCUSSION

**A.    Evidence from Stop, Seizure Admitted without Objection**

In his pretrial motion to suppress, Norris sought to prevent allegedly illegally obtained evidence from being admitted against him.  *See* TEX. CRIM. PROC. CODE ANN. art. 28.01 (authorizing a pretrial hearing on a motion to suppress evidence); *id.* art. 38.23 ("Evidence not to be used"); *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000).  But Norris did not ask for a hearing or obtain the trial court's ruling on his motion to suppress before trial began.  *Cf. Trung The Luu*, 440 S.W.3d at 127–28.  Further, Norris did not ask, and the trial court did not offer, to carry the motion with the trial.  *Cf. Garza*, 126 S.W.3d at 84 (trial court carried motion).

At trial, the State introduced its evidence through, inter alia, Officer Zimmerman's testimony and two key State's exhibits.

When Officer Zimmerman testified that he found Norris asleep in his vehicle, seated in the driver's seat, the key in the ignition, the engine running, and the vehicle's lights on; that Norris admitted he had been drinking alcohol; that Norris had a very strong odor of alcoholic beverage on his breath; that Norris was unsteady on his feet and had a hard time balancing; that Norris's speech was slurred and his eyes were glassy and bloodshot; and that Officer Zimmerman concluded there was a high probability that Norris had consumed "a significant amount of alcohol," Norris did not object.

When the State offered a hearsay-redacted version of State's Exhibit 4, the video recording from the patrol car's dash camera which shows much of the officers' encounter with Norris, defense counsel stated "No objection."

When the State offered State's Exhibit 5, the results of Norris's blood test which showed a blood alcohol level above the legal limit, defense counsel stated "No objection."

After the State rested, defense counsel asked the trial court to grant the motion to suppress, but the trial court denied the motion.

## B.  Claims of Error Waived

Although Norris filed a motion to suppress before trial, he did not obtain a ruling from the trial court before the evidence was admitted without objection, and his mere filing of a motion to suppress was not enough to preserve a claim of error. *See Garza*, 126 S.W.3d at 81–82 (citing TEX. R. APP. P. 33.1(a)(1)); *Trung The Luu*, 440 S.W.3d at 127–28; *Thomas*, 884 S.W.2d at 216. Further, when defense counsel affirmatively stated "no objection" to the evidence the State offered that was obtained from the stop and seizure, Norris affirmatively waived his right to have the trial court determine the admissibility of that evidence. *See Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008); *Bouyer v. State*, 264 S.W.3d 265, 268 (Tex. App.—San Antonio 2008, no pet.). Thus, Norris "waived any claim on appeal that the trial court erred in admitting that evidence." *See Holmes*, 248 S.W.3d at 200; *Trung The Luu*, 440 S.W.3d at 127–28.

We overrule Norris's issues.

### CONCLUSION

Although Norris filed a motion to suppress the evidence the State obtained from Norris's stop and seizure, he failed to obtain a ruling on the motion before the complained-of evidence was offered. When Officer Zimmerman's testimony, the dash camera video, and the blood alcohol test results were offered, Norris waived his right to have the trial court determine its admissibility when he stated "No objection" in each instance. Accordingly, Norris waived his reasonable suspicion and community caretaker function complaints. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH