**Affirmed as Modified and Memorandum Opinion filed June 13, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00266-CR

## JONATHAN HUFF, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 390th District Court
Travis County, Texas
Trial Court Cause No. D-1-DC-17-300028**

## MEMORANDUM OPINION

In this appeal from a conviction for sexual assault, appellant complains that the trial court did not (1) grant his motion for mistrial, (2) grant his motion for new trial, or (3) exclude evidence of an extraneous bad act. We overrule all of these complaints, but on our own motion, we modify the trial court's judgment to correct certain clerical errors, and we affirm the judgment as modified.

## BACKGROUND

The complainant in this case is a seventeen-year-old boy. He was walking to school one morning when appellant drove up next to him and correctly informed him that school was closed that day. The complainant did not know appellant, but the complainant agreed to enter appellant's car and go to appellant's house after appellant said that he would invite over some prostitutes.

Once at the house, appellant opened a laptop and began watching pornography. Appellant passed the laptop to the complainant, and then appellant began touching the complainant's leg and groin through the complainant's sweatpants. The touching made the complainant feel uncomfortable, so the complainant got up and headed to the back door, which was locked. Appellant told the complainant to chill out, and then appellant asked to see the complainant's penis. When the complainant declined, appellant tried to pull down the complainant's sweatpants. The complainant fell to the ground, and appellant, who was much larger in stature, held him down there.

Appellant put his mouth on the complainant's penis and performed oral sex for about twenty seconds. The complainant never became aroused, and appellant eventually said that he "shouldn't be doing this." Appellant let the complainant go and offered to drive him home. The complainant accepted the offer and stepped outside while appellant searched his house for a wallet. During his short time alone, the complainant called 911 and reported that he had just been violated.

## MOTION FOR MISTRIAL

The trial court granted a motion in limine that prohibited the prosecutor from referring to the complainant as a "victim." The prosecutor violated this ruling during his examination of a witness, which we reproduce here:

Q. And just to be very clear, you are familiar with the facts of this case?

A. Correct.

Q. Our office retained you?

A. Correct.

Q. And your services, and you've reviewed some case materials that I sent to you?

A. Yes.

Q. And even though the victim in this case is 17 years of age—

DEFENSE: Objection, Your Honor, that's a violation of our motion in limine. I move for a mistrial.

COURT: Please rephrase your question, [prosecutor].

Q. Even though the complaining witness in this case is 17 years of age, we are here for an adult sexual assault. Is that fair?

A. Yes.

Because the prosecutor violated the motion in limine, appellant argues that the trial court should have granted his motion for mistrial. The State responds that appellant did not preserve error on this point because he did not pursue his complaint to an adverse ruling. *See* Tex. R. App. P. 33.1; *Fuller v. State*, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992) ("The most important procedure is to press the specific objection to the point of obtaining an adverse ruling, be that to the objection, the request for an instruction, or the motion for mistrial."). Appellant counters that he did preserve error because the trial court implicitly denied his motion for mistrial. We agree with the State.

A trial court implicitly rules when its actions or statements "unquestionably indicate a ruling." *See Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995). Here, the trial court's request that the prosecutor rephrase his question did not unquestionably indicate a ruling. *See Trung The Luu v. State*, 440 S.W.3d 123, 130

(Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that the trial court's request to rephrase did not constitute an adverse ruling). We therefore conclude that appellant did not preserve his complaint for appellate review. *See Miller v. State*, 83 S.W.3d 308, 319 (Tex. App.—Austin 2002, pet. ref'd) (holding that there was no implicit ruling when the trial court did not respond to counsel's comment that he believed he was required to move for a mistrial).

## MOTION FOR NEW TRIAL

The State collected bodily fluids from four different sources: (1) a penile swab of the complainant, (2) the underwear of the complainant, (3) a buccal swab of the complainant, and (4) a buccal swab of appellant. A forensic analyst tested all of this evidence and found DNA profiles from two male individuals in the penile swab and in the underwear. The analyst also determined that appellant could not be excluded as the contributor of one of those DNA profiles.

The analyst performed her testing in December of 2017, which was more than two months before appellant's trial in February of 2018. After the trial was over, in March of 2018, a contamination event occurred in the laboratory where the analyst had completed her testing. The contamination was caused by the analyst's coworker, and though it affected several ongoing cases, the contamination did not affect the testing in appellant's case.

The laboratory notified the State of the contamination event and submitted a report identifying the affected cases. The day after he received this report, the prosecutor forwarded a copy to defense counsel "in an abundance of caution."

Defense counsel then moved for a new trial, arguing that the contamination event constituted newly discovered evidence and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). After an evidentiary hearing, the trial court denied the motion

4

for new trial and made findings of fact and conclusions of law. The trial court determined that the newly discovered evidence was not likely to be admitted, that it was impeaching at best, and that it would not likely affect the outcome of a new trial even if it were admitted. The trial court similarly determined that there was no *Brady* violation because the evidence of contamination was not material and because the prosecutor timely disclosed it.

Appellant now complains of the trial court's ruling, which we review for an abuse of discretion. *See Briggs v. State*, 560 S.W.3d 176, 183–84 (Tex. Crim. App. 2018). Because this standard of review is deferential, we examine the evidence in the light most favorable to the trial court's ruling. *Id.* at 184. The trial court abuses its discretion only when no reasonable view of the record could support the ruling. *Id.*

To obtain relief on a claim of newly-discovered evidence, the defendant must show, among other requirements, that "the new evidence is probably true and will probably bring about a different result in a new trial." *See State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017). The defendant has a similar burden in the context of a *Brady* claim: he must show, among other requirements, that the undisclosed evidence was material, i.e., that "there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different." *See Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).

The record supports the trial court's findings that the outcome of the trial would not have been different with evidence of the contamination event. The record established that the contamination occurred after appellant's trial had ended, which means that it did not affect the evidence collected in appellant's case. The contamination was not caused by the analyst who performed the testing in appellant's case; instead, it was caused by the analyst's coworker. And the

5

contamination occurred on a piece of equipment that had not been utilized in appellant's case. As the laboratory director succinctly attested in her affidavit, "The March 2018 event had no bearing on the testing for this case."

Accordingly, the evidence of contamination could only be used to impeach the overall credibility of the laboratory. But even then, the impeachment value would be limited in this case because the DNA evidence related to the criminal element of identity, which was not a major issue during the trial. The complainant identified appellant in open court as his assailant. A police officer also testified that he responded to the complainant's 911 call shortly after it was made, and the officer found the complainant waiting outside of appellant's house while appellant was still inside. And defense counsel suggested in closing statements that appellant should be acquitted because the sexual contact was consensual and the complainant could not be believed. Based on that defense, the DNA evidence was not material. *See Hopper v. State*, 495 S.W.3d 468, 480 (Tex. App.—Houston [14th Dist.] 2016) ("Questions of consent are usually determined by the credibility of the complainant and the defendant, rather than by the physical evidence."), *aff'd*, 520 S.W.3d 915 (Tex. Crim. App. 2017).

Viewed in the light most favorable to the trial court's ruling, the record supports a finding that the contamination event was not material and would not probably bring about a different result in a new trial. We therefore conclude that the trial court did not abuse its discretion when it denied appellant's motion for new trial.

**EXTRANEOUS BAD ACT**

Appellant filed a motion in limine, generally seeking to exclude evidence of extraneous bad acts. During a pretrial conference, appellant clarified that the specific subject of his motion in limine was the mention of pornography. The trial court

6

granted the motion in limine, but held that discussion of pornography would be allowed because the pornography provided contextual information to the charged criminal transaction.

Appellant now complains of this ruling, as well as the subsequent discussion of pornography during his trial. We conclude that this issue has not been preserved. The trial court's ruling on a motion in limine is preliminary only and normally preserves nothing for appellate review. *See Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003). Appellant was required to object to the mention of pornography when it was discussed during his trial, but because he did not object, he waived this final point. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("For error to be preserved with regard to the subject of a motion in limine, an objection must be made at the time the subject is raised during trial.").

Appellant argues in his reply brief that he preserved error because "the correct ground of exclusion [was] obvious to the court." This argument presupposes that an objection was made, but appellant provides no record citations showing that an objection was made, and we are unaware of any objections substantiating appellant's argument. And even if he did object at one point, he did not object to every mention of pornography or show that he obtained a running objection, which was necessary to preserve error. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003).

## CLERICAL ERRORS

The trial court's judgment states that appellant was convicted of a first degree felony and that his punishment was assessed by the jury. Both statements are clerical errors. The jury convicted appellant of a second degree felony (not a first degree felony). *See* Tex. Penal Code § 22.011(f). And the trial court (not the jury) assessed appellant's punishment, which was enhanced to a mandatory term of life

7

imprisonment because of a prior conviction for aggravated sexual assault. *Id.* § 12.42(c)(2); *see also Griffith v. State*, 116 S.W.3d 782, 786 (Tex. Crim. App. 2003) (describing this enhancement provision as effecting a "two-strikes policy" for sex offenders).

We have the authority to correct these clerical errors. *See* Tex. R. App. P. 43.2(b). Therefore, we modify the trial court's judgment to reflect that the jury convicted appellant of a second degree felony and that the trial court assessed his punishment.

The trial court's judgment is affirmed as so modified.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).